IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS BYRD, # S-09454, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-1158-NJR |
| | ) |
| WARDEN SPILLER, LT. HECK, | ) |
| C/O MYERS, and C/O WALL, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court for case management. On November 17, 2014, the Court denied Plaintiff's application to proceed *in forma pauperis* ("IFP") and ordered him to pay the $400.00 filing fee for this case no later than December 8, 2014 (Doc. 6). Plaintiff has "struck out" under 28 U.S.C. § 1915(g). The order clearly warned Plaintiff that failure to pay the filing fee would result in dismissal of this case.

The date to pay the filing fee has passed, and Plaintiff has failed to pay. As a result, this case shall be dismissed.

Nonetheless, Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, and the filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). To that end, the agency having custody of the Plaintiff is **DIRECTED** to remit the $400.00 filing fee from his prison trust fund account if such funds are available. If he does not have $400.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher. Thereafter, Plaintiff shall make monthly

payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account (including all deposits to the inmate account from any source) until the $400.00 filing fee is paid in full.  The agency having custody of Plaintiff shall forward these payments from the Plaintiff's trust fund account to the Clerk of this Court each time the Plaintiff's account exceeds $10.00, until the $400.00 fee is paid.  In addition, Plaintiff shall note that the filing fees for multiple cases cumulate.  *See Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997), overruled in part on other grounds by *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000).  A prisoner who files one suit must remit 20% of his monthly income to the Clerk of the Court until his fees have been paid; a prisoner who files a second suit or an appeal must remit 40%; and so on.  *Newlin*, 123 F.3d at 436.  "Five suits or appeals mean that the prisoner's entire monthly income must be turned over to the court until the fees have been paid."  *Id*.

Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202.  The Clerk is **DIRECTED** to mail a copy of this order to the Trust Fund Officer at the Pinckneyville Correctional Center upon entry of this Order.

**Disposition**

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice, for failure to comply with an Order of this Court.  FED. R. CIV. P. 41(b).  *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).  All pending motions are **DENIED AS MOOT.**

This dismissal shall not count as a "strike" under 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal the dismissal of this case, his notice of appeal must be filed

with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, because Plaintiff has "struck out" and has not shown that he is in imminent danger of serious physical injury, this Court will not grant him permission to proceed *in forma pauperis* on appeal. Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) [1] may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: December 24, 2014

_____
NANCY J. ROSENSTENGEL
United States District Judge

---

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).